PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICO HAIRSTON, | ) | |
| | ) | CASE NO. 4:21CV1971 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| J. JONES, *CORRECTIONS OFFICER*, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 12, 13, 14, 15, 18, 19, and 23] |

    Defendant J. Jones has moved the Court to dismiss Plaintiff's Amended Complaint (ECF No. 11) and revoke Plaintiff's *in forma pauperis* status.[1] *See* ECF No. 13. Responsive documents have been filed, including Plaintiff's Motion to Strike (ECF No. 15), Defendant's Motion to Strike (ECF No. 18), and Plaintiff's Reply, Cross Motion to Strike, and Motion for sanctions (ECF No. 23). Recently, long after the flurry of motions indicated above were filed, Plaintiff has moved to voluntarily dismiss the Amended Complaint. *See* ECF No. 28.

    After careful review of the parties' filings and the applicable law, the Court grants Defendant's motion to dismiss and revoke, in part. Plaintiff's motion for voluntary dismissal (ECF No. 28) is held in abeyance, as explained below. All other pending motions are denied as moot.

---

[1] The Court granted Plaintiff *in forma pauperi*s status by its Order at ECF No. 7.

(4:21CV1971)

I. Background

Defendant asserts that "at least three of Plaintiff's prior cases have been dismissed as frivolous."[2] ECF No. 1 at PageID #: 97. Furthermore, Defendant argues that Plaintiff fails to meet the imminent danger exception pursuant to 28 U.S.C. § 1915(g). *See* ECF No. 13 at PageID #: 99-100. Specifically, Defendant notes that Plaintiff's Amended Complaint (ECF No. 11) arises from events that took place at the Ohio State Penitentiary ("OSP"). *See* ECF No. 13 at PageID #: 99. Since the filing of the Amended Complaint (ECF No. 11), Plaintiff has been transferred to the Southern Ohio Correctional Facility ("SOCF"). *See* ECF No. 13 at PageID #: 99. Defendant argues that, due to Plaintiff's transfer, he "has no control or influence over any potential harm directed toward the Plaintiff…one instance of a past harm is insufficient to establish imminent danger…[and] the alleged harm that the inmate is claiming does not amount to a real and proximate danger of serious physical injury necessary to avoid the PLRA's requirement that an inmate with three strikes against him prepay his filing fees." ECF No. 13 at PageID #: 99-100. Therefore, Defendant concludes that Plaintiff has failed to meet the imminent danger exception pursuant to 28 U.S.C. § 1915(g), and is barred from proceeding *in forma pauperis*. *See* ECF No. 13 at PageID #: 100.

Plaintiff disputes Defendant's assertion that he was not subject to imminent danger by reiterating the harms he allegedly suffered as detailed in the Amended Complaint (ECF No. 11), and Plaintiff notes that he suffered injuries that amount to more than simply physical contact.

---

[2] Defendant cites the following three cases, pertaining to Plaintiff, that have been dismissed for failure to state a claim and, thus, meeting the criteria for the three-strikes rule: *Hairston v. Emeaghara*, No. 2:18-cv-951 (S.D. Ohio); *Hairston v. Harris*, No. 2:17-cv-421 (S.D. Ohio); *Hairston v. Franklin County Court of Common Pleas of the City of Columbus*, No. 2:17-cv-362 (S.D. Ohio).

(4:21CV1971)

*See* ECF No. 15 at PageID #: 106-108. Furthermore, Plaintiff asserts that Defendant failed to prove that Plaintiff received Defendant's motion to dismiss and revoke Plaintiff's *in forma pauperis* status, necessitating that the Court dismiss Defendant's motion. *See* ECF No. 15 at PageID #: 107.

## II. Analysis

"A litigant who files a lawsuit in federal court generally must pay a filing fee. Insolvent litigants, including prisoners, may request permission to proceed without initially paying a filing fee, a benefit that comes with *in forma pauperis* status." Simons v. Washington, 996 F.3d 350, 352 (6th Cir. 2021) (internal citations omitted). The three-strikes rule dictates that "[u]nder the statute, a prisoner, like non-indigent litigants, must pay a filing fee at the outset if he has had three or more prior federal actions or appeals 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim.'" *Id.* An exception to the rule applies when a prisoner brings suit "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At this stage of the litigative process, a *pro se* plaintiff "need[ ] only to assert allegations of imminent danger." Vandiver v. Vasbinder, 416 Fed.Appx. 560, 562 (6th Cir.2011). "In order to allege sufficiently imminent danger, [the Sixth Circuit] held that 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013).

### A. Imminent Danger

In this matter, the Prison Litigation Reform Act's ("PLRA") three-strikes rule is applicable. This determination is supported by both the findings of the court in

3

(4:21CV1971)

and the admissions made by Plaintiff in his Notice (ECF No. 15-1)[3]. The Court, therefore, seeks to resolve whether an exception applies. In other words, the Court must determine whether Plaintiff has established that he was under imminent danger of serious physical injury as is required by 28 U.S.C. § 1915(g) to proceed *in forma pauperis*.

The imminent danger exception requires "a prisoner [to] allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury exists at the time the complaint is filed." Vick v. Core Civic, 329 F. Supp. 3d 426, 437 (M.D. Tenn. 2018) (citing *Rittner v. Kinder*, 290 Fed. Appx. 796, 797–98 (6th Cir. 2008)). In the original Complaint (ECF No. 1), filed October 21, 2021, Plaintiff alleges to have suffered an attack at the hands of another OSP inmate on July 13, 2021. *See* ECF No. 1 at PageID #: 2. On June 27, 2022, Plaintiff filed an Amended Complaint (ECF No. 11) citing the same July 13, 2021 attack as the basis for his claims for relief. *See* ECF No. 11 at PageID #: 74-76. "[A]s a general matter, amended complaints supersede original complaints." *Mustin v. Guiller*, 563 F. Supp. 3d 715, 721 (N.D. Ohio 2021). Therefore, the Court looks to the danger of serious physical injury that existed for Plaintiff upon filing the Amended Complaint (ECF No. 11) on June 27, 2022.

In the Amended Complaint, Plaintiff alleges that an inmate sprayed feces and urine at him through his cell door because he "was approved for protective custody…and particular state actor Defendant Jarvis Jones told this particular inmate to look [Plaintiff] up" as a means of retaliation. ECF No. 11 at PageID #: 74-75. Plaintiff later notes that the attack "put [him] in fear

---

[3] Plaintiff's Notice, filed on October 28, 2021, acknowledges that he is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and noting that "Plaintiff wants to inform the Court he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915 due to 3 or more lawsuits previously filed in federal court being dismissed for failure to state a claim." ECF No. 15-1 at PageID #: 109.

4

(4:21CV1971)

of being around other inmates and reporting malfeasance from staff." ECF No. 11 at PageID #: 77. As noted in the Amended Complaint, the alleged attack occurred while Plaintiff was housed at OSP. However, the envelope by which the Amended Complaint was sent to the Court utilizes the return address of the SOCF, indicating that Plaintiff filed this Amended Complaint after he had been transferred to an institution other than the one in which the alleged attack occurred. *See* ECF No. 11-1 at PageID #: 81. Even if the Court were to accept that the alleged attack occurred at OSP, and that the danger of serious physical injury existed, Plaintiff fails to prove that the threat is real and proximate. Defendant works as a corrections officer at OSP and poses no threat to Plaintiff who is now housed at SOCF, an institution located over 260 miles away from OSP. Therefore, the Court does not find that Plaintiff has satisfied the criteria for the imminent danger exception pursuant to 28 U.S.C. § 1915(g).

### B. Mailing of the Motion to Dismiss and Motion to Strike

Alternatively, Plaintiff asserts that "Defendant's counsel cannot show, nor prove Plaintiff ever received a copy of Doc # 13 Motion to Dismiss Amended Complaint and Motion to Revoke Plaintiff's *in forma pauperis* status…[t]herefore that Motion should be dismissed with prejudice and order the Defendant's counsel to contact the mailroom if they sent [Plaintiff] this document, because the mail logs will show" that he did not receive the motion. ECF No. 15 at PageID #: 107.

There are numerous ways in which a party may properly serve notice, evidenced by a certificate of service, including through the use of Court facilities. *See* Fed. R. Civ. P. 5(b)(3). Defendant properly filed the motion (ECF No. 13) on the docket July 11, 2022. The motion was accompanied by a certificate of service that read

> I hereby certify that the foregoing Defendant's Motion to Dismiss
> the Amended Complaint and Motion to Revoke Plaintiff's In Forma

5

(4:21CV1971)

>Pauperis Status Under the "Three Strikes" Provision Under the PLRA was filed electronically in the Court's ECF system on July 11th, 2022, and was sent by regular, first-class mail the following day, to Plaintiff, Rico Hairston, #A741-324, Southern Ohio Correctional Facility, P. O. Box 45699, Lucasville, Ohio 45699.

ECF No. 13 at PageID #: 102. Additionally, it is obvious that Plaintiff received Defendant's motion to dismiss, as evidenced by Plaintiff's timely filing of his motion to strike (ECF No. 15). Plaintiff, therefore, has failed to provide grounds on which Defendant's motion should be stricken due to manner of service.

    **C. Plaintiff's Motion to Voluntarily Dismiss**

Recently, nearly eight months after filing the Amended Complaint and having vigorously defended "his right" to be *in forma pauperis*, Plaintiff seeks voluntary dismissal of the amended complaint. As ruled above, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Therefore, Plaintiff remains obligated to pay the required filing fee, despite his recent willingness to dismiss the Amended Complaint. *See Ives v. Scutt*, No. 2:11-CV-13410, 2011 WL 5838580 (E.D. Mich. Nov. 21, 2011) ("Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility.").

Plaintiff has thirty (30) days from the date of entry of this Order to pay the civil action filing fee of $402.00. When Plaintiff pays the filing fee in full, the Court will then screen his Amended Complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fee in full within the 30-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the

(4:21CV1971)

$402.00 filing fees. See Daniel v. Swajanen, No. 2:21-CV-213, 2021 WL 5710775 (W.D. Mich. Dec. 2, 2021).

### III. Conclusion

Because of the applicability of the three-strikes rule, and Plaintiff's failure to meet the imminent danger exception under 28 U.S.C. § 1915(g), Plaintiff is required to "pay the entire filing fee at the outset of the case. The Court, hereby, vacates its Order issued on May 25, 2022 (ECF No. 7) granting Plaintiff Rico Hairston leave to proceed *in forma pauperis*. Plaintiff is hereby ordered to pay the $402.00 filing fee within 30 days of the date of this Order, that is March 31, 2023. Final ruling on Plaintiff's motion to voluntarily dismiss (ECF No. 28) is held in abeyance until March 31, 2023, the date by which Plaintiff must pay the $402 filing fee. Failure to pay the filing fee by March 31, 2023, will result in the dismissal of the Amended Complaint. Regardless of whether the dismissal is caused by Plaintiff's motion (ECF No. 11) or Order of the Court, Plaintiff is still required to pay the $402.00 filing fee.

Accordingly, Defendant's motion to dismiss (ECF No. 13) is granted to the extent it seeks vacatur of the ruling granting Plaintiff *in forma pauperis* status. Defendant's motion (ECF No. 13) is denied in all other respects. Defendant's motion to strike (ECF No. 18) is denied as moot. Plaintiff's Motion for Summary Judgment (ECF No. 12), Request for Clerk to Enter Default Judgment as to the Amended Complaint (ECF No. 14), Motion to Strike (ECF No. 19), and Motion for sanctions (ECF No. 23) are denied as moot.

IT IS SO ORDERED.

| March 1, 2023 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |